## Netter Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ.

*Blumberg & Sork* and *Earl Jay Gratz*, for petitioners.

*Wolf, Block, Schorr & Solis-Cohen,* for respondents.

SINKLER, P. J., June 24, 1949.—An adjudication was filed in this estate on February 18, 1939, by Van Dusen, P. J., on the first account of the trustees under the will of decedent.

On March 25, 1945, a petition for the issuance of a citation to show cause why this adjudication should not be reviewed, and why an order of restitution should not be made, was filed on behalf of a majority of the remaindermen of the testamentary trust. A citation was duly issued and served and an answer filed raising preliminary objections to the petition.

Pursuant to stipulation dated April 8, 1949, the Chase National Bank of New York City was stricken from the record as having been improperly joined as a party.

The matter now comes before the court upon the preliminary objections to the petition for review.

Decedent, David Netter, appointed The Pennsylvania Company, etc., and his wife, Rose Netter, as

trustees of his testamentary trust, to pay the income therefrom to Rose Netter for life, with authority to the trustees "to pay from the principal of my estate unto my said wife Rose Netter such further amounts as may be necessary for her maintenance and support".

Rose Netter died September 24, 1948. During her lifetime, $46,869.14 was paid to her under the authority of the quoted provision. It is averred in the petition for review that this money was not necessary for the support of the wife; that she "fraudulently" withdrew such sums in order to defeat the testamentary trust; and that such payments can be traced into her individual estate, which is alleged to be in excess of $100,000.

Before disposing of the issues before the court, the irregularity of the procedure followed will be noted. An adjudication was filed on the first account on February 18, 1939, which was confirmed absolutely on March 6, 1939. In that account, credit was claimed for principal payments to the wife in the total sum of $42,-969.14. On November 1, 1948, a second account of the trustees, as stated by The Pennsylvania Company, as surviving trustee, was filed, in which credit is asked for similar payments totalling $3,900. The petition for review avers only the filing of this second account and is silent as to whether it has been audited or an adjudication filed thereon. The petition prays for a review of the first adjudication, in order to strike from the first account the credit allowed for the payments of $42,969.14, and for an order of restitution upon the estate of Rose Netter and the surviving trustee to restore to the principal the sum of $46,869.14.

To the extent that an order is sought respecting the credit claimed for payments totalling $3,900, appearing in the second account, petitioner is indirectly, if not collaterally, raising a question which can be raised

only at the audit of the second account. The relief sought as to such item is accordingly denied.

In respect of the review of the adjudication of 1939, petitioners, despite the repeated allegation of fraudulent intent or motive on the part of the life tenant, have failed to aver specifically any facts establishing such fraud as prevented a determination of the question upon the audit of the prior account or as prevented any party in interest from taking action within five years after the adjudication thereon became absolute: Thorne's Estate, 344 Pa. 503 (1942). The five-year statute of limitations therefore bars the relief sought.

The petition shows on its face that petitioners have been guilty of laches. Not only was there the delay of 10 years prior to the filing of this petition, but the most important witness on the issues involved, Rose Netter, has died. The averring of conclusions that petitioners have not been able to ascertain the facts on which the petition is based prior to this time, and similar averments, do not avoid the defense of laches, for no facts are averred showing why petitioners, if diligent, could not have acquired and, in fact, did not acquire the knowledge necessary to raise the pending question at an earlier date. It is therefore held that the relief sought as to the 1939 adjudication is barred by laches.

The relief sought is barred for an additional reason which, while relating to the merits of the controversy, may be disposed of, since the basis for decision is apparent on the face of the petition. In paragraph 3 of the petition there is set forth the provision of the will by which decedent specified that any amounts paid to his wife from principal for maintenance and support "shall not be questioned by any of the persons herein named as legatees and my said trustees are not to be held liable or chargeable for any amount so paid out of the principal of the said estate". If there were any

doubt as to the meaning to be given this provision, it would certainly be dispelled by viewing the scene from the testator's armchair and realizing that the provision for the withdrawal of principal was for the benefit of his wife, whom he had made a cotrustee and the life tenant of his testamentary trust, and that the objecting parties are nephews and nieces. The effect of this exoneration clause is to place beyond question by petitioners whether any withdrawals of principal were in fact made for the purpose of support and maintenance, or were in fact used for that purpose. Had decedent intended that the propriety of the withdrawals be open to question, he would not have included in his will the very sweeping exoneration clause above quoted.

For the foregoing reasons, the preliminary objections to the petition are sustained, the prayer of the petition is denied, and the petition is dismissed.